TOILOLO FILIPO, on behalf of the TOILOLO
FAMILY of Pavaia'i, Applicant

v.

GALOIA UPUESE, on behalf of the GALOIA FAMILY
of Pavaia'i, Objector

No. 333-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Fanuatele" in Pavaia'i]

June 10, 1966

Chief Tuiteleleapaga, Counsel for Applicant.
Chief Lolo, Counsel for Objector.

OPINION OF THE COURT

ROEL, *Associate Justice.*

On October 26, 1965 applicant Toilolo filed an application with the Office of the Registrar of Titles of American Sa-

moa to register a certain surveyed parcel of land called "FANUATELE," containing 2.113 acres, more or less, situated in the village of Pavaia'i. Toilolo sought to register the land in question as the communal land of the Toilolo Family.

Upon notice of the proposed registration of the land, Galoia, on 12/20/65, filed an objection on behalf of the Galoia Family, claiming that the greater part of the land in question was the communal property of the Galoia Family.

On May 25, 1966, Counsel for Applicant filed an answer to Galoia's objection.

Previous to the time of trial, all three judges viewed the land in question in the presence of the Applicant and Objector and their Counsel.

The Court will not go into detail on the testimony and the evidence as it is all in the record, except to say that the evidence was contradictory, confused, and inconsistent to the point that neither Applicant or the Objector proved title to the land in question to the satisfaction of the Court by a preponderance of the evidence.

In arriving at a decision the Court must consider three possible determinations; 1. Whether the Applicant, by a preponderance of the evidence, proved sufficient title to the land in question to entitle him to have the land registered in his name; 2. Whether the Objector proved not only that the Applicant had no right to the property, but that he, the Objector, was the true owner by a preponderance of the evidence; or, 3. Whether neither Objector or Applicant proved their claim and title to the property to the satisfaction of the Court, and so being the case, to deny and dismiss the the [sic] Applicant's application to register the land in his family's name.

To arrive at our decision we are faced with a procedural dilemma regarding the burden of proof in registration of

land cases such as this one. If statutory procedural requirements are followed under Section 10.112 of the Code, 1961 Edition, and no notice of adverse claim is filed against the application to register the land, the Registrar of Titles shall register the title to such land in the name of the applicant or applicants.

Once an objection to the registration is filed as was the case here, it becomes the duty of the court to adjudicate the issue. It cannot be said that, in view of the provision of Section 10.112 in the case where there is no objection, the Applicant at the trial need not prove his title or that it is only up to the Objector to disprove the Applicant's title. Neither can it be said that an Objector should have the land registered in his name if all the Objector does is disprove or put in doubt Applicant's title to the land. If this were the case it might give rise to professional objectors who would file their objection to any and all applications for registration of land in the hope of defeating Applicant's claim to the title to land. And if once the question of title was in issue before the Court it cannot be said that the Applicant need not positively prove his title, but merely overcome the Objector's claim. If this were the case a person could try to survey and register all the land he could, even if he knew he did not own it, in the hope that no one would object to the registration, and if an objection were raised, take a chance that the Objector could not prove a better title.

■ This Court is of the unanimous opinion that in a contested trial for registration of land the Applicant has the burden of proof to show the Court that he is entitled to have the land registered in his name whether the Objector disproves Applicant's title or not, where the Objector fails to prove by the preponderance of the evidence that he is in fact the owner of the land in question. Once the Objector challenges the Applicant's title, the Objector in turn must

721

prove by the preponderance of the evidence that he and not the Applicant is the owner of the land in question.

■ After considering the testimony and the evidence, it is the unanimous opinion of this Court that neither the Applicant nor the Objector conclusively proved to this Court that either of them was the owner of the land in question to be entitled to have said land registered in their family name. Neither party proved ownership or title either by purchase, inheritance, gift, cleaning and occupation of the land, nor by adverse possession. It follows that the status of the ownership of the land in question remains unsettled and in the same condition as it was at the time the application for registration was made and the objection filed thereto. We can only suggest to the parties that they try to get together and delineate their rights to the property in an amicable way if possible. If such settlement is reached, they might each get a survey of the land as agreed between them and then try to register their individual family's share. Wanting this, the parties may continue to file suit against each other until one party or the other convinces the Court by a preponderance of the evidence that he is the owner of the said land and entitled to have it registered.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that Tiololo Filipo's application to register the parcel of land known as "FANUATELE" as the communal land of the Toilolo Family be and the same is hereby denied and dismissed.

Court costs in the amount of $25.00 to be paid by Toilolo Filipo and Galoia Upuese, each to pay the amount of $12.50 within 30 days.

Done this 10th day of June, 1966.